UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CHARLES BISHOP,<br><br>    Petitioner,<br><br>    v.<br><br>PEOPLE OF THE STATE OF CALIFORNIA,<br><br>    Respondent. | Case No.: 1:12-cv-01666-JLT<br><br>FINDINGS AND RECOMMENDATIONS TO DISMISS PETITION FOR LACK OF EXHAUSTION<br><br>ORDER DIRECTING OBJECTIONS TO BE FILED WITHIN TWENTY DAYS<br><br>ORDER DIRECTING CLERK OF THE COURT TO ASSIGN UNITED STATES DISTRICT JUDGE TO CASE |

Petitioner is a state prisoner proceeding in propria persona with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254.

**PROCEDURAL HISTORY**

The instant petition was filed on October 10, 2012.  A review of the petition, however, establishes that the petition contains only claims that have not been exhausted in state court and, therefore, the petition must be dismissed.

///

///

///

1

**DISCUSSION**

A. <u>Preliminary Review of Petition</u>.

Rule 4 of the Rules Governing Section 2254 Cases allows a district court to dismiss a petition if it "plainly appears from the face of the petition and any exhibits annexed to it that the petitioner is not entitled to relief in the district court . . . ." Rule 4 of the Rules Governing Section 2254 Cases. The Advisory Committee Notes to Rule 8 indicate that the court may dismiss a petition for writ of habeas corpus, either on its own motion under Rule 4, pursuant to the respondent's motion to dismiss, or after an answer to the petition has been filed. <u>Herbst v. Cook</u>, 260 F.3d 1039 (9th Cir.2001).

B. <u>Exhaustion</u>.

A petitioner who is in state custody and wishes to collaterally challenge his conviction by a petition for writ of habeas corpus must exhaust state judicial remedies. 28 U.S.C. § 2254(b)(1). The exhaustion doctrine is based on comity to the state court and gives the state court the initial opportunity to correct the state's alleged constitutional deprivations. <u>Coleman v. Thompson</u>, 501 U.S. 722, 731 (1991); <u>Rose v. Lundy</u>, 455 U.S. 509, 518 (1982); <u>Buffalo v. Sunn</u>, 854 F.2d 1158, 1163 (9th Cir. 1988).

A petitioner can satisfy the exhaustion requirement by providing the highest state court with a full and fair opportunity to consider each claim before presenting it to the federal court. <u>Duncan v. Henry</u>, 513 U.S. 364, 365 (1995); <u>Picard v. Connor</u>, 404 U.S. 270, 276 (1971); <u>Johnson v. Zenon</u>, 88 F.3d 828, 829 (9th Cir. 1996). A federal court will find that the highest state court was given a full and fair opportunity to hear a claim if the petitioner has presented the highest state court with the claim's factual and legal basis. <u>Duncan</u>, 513 U.S. at 365 (legal basis); <u>Kenney v. Tamayo-Reyes</u>, 504 U.S. 1, 112 S.Ct. 1715, 1719 (1992) (factual basis).

Additionally, the petitioner must have specifically told the state court that he was raising a federal constitutional claim. <u>Duncan</u>, 513 U.S. at 365-66; <u>Lyons v. Crawford</u>, 232 F.3d 666, 669 (9th Cir. 2000), *amended*, 247 F.3d 904 (2001); <u>Hiivala v. Wood</u>, 195 F.3d 1098, 1106 (9th Cir. 1999); <u>Keating v. Hood</u>, 133 F.3d 1240, 1241 (9th Cir. 1998). In <u>Duncan</u>, the United States Supreme Court reiterated the rule as follows:

>In Picard v. Connor, 404 U.S. 270, 275 . . . (1971), we said that exhaustion of state remedies requires that petitioners "fairly presen[t]" federal claims to the state courts in order to give the State the "opportunity to pass upon and correct alleged violations of the prisoners' federal rights" (some internal quotation marks omitted).  If state courts are to be given the opportunity to correct alleged violations of prisoners' federal rights, they must surely be alerted to the fact that the prisoners are asserting claims under the United States Constitution. If a habeas petitioner wishes to claim that an evidentiary ruling at a state court trial denied him the due process of law guaranteed by the Fourteenth Amendment, he must say so, not only in federal court, but in state court.

Duncan, 513 U.S. at 365-366.  The Ninth Circuit examined the rule further, stating:

>Our rule is that a state prisoner has not "fairly presented" (and thus exhausted) his federal claims in state court *unless he specifically indicated to that court that those claims were based on federal law*. See Shumway v. Payne, 223 F.3d 982, 987-88 (9th Cir. 2000). Since the Supreme Court's decision in Duncan, this court has held that the *petitioner must make the federal basis of the claim explicit either by citing federal law or the decisions of federal courts, even if the federal basis is "self-evident*," Gatlin v. Madding, 189 F.3d 882, 889 (9th Cir. 1999) (citing Anderson v. Harless, 459 U.S. 4, 7 . . . (1982), or the underlying claim would be decided under state law on the same considerations that would control resolution of the claim on federal grounds. Hiivala v. Wood, 195 F3d 1098, 1106-07 (9th Cir. 1999); Johnson v. Zenon, 88 F.3d 828, 830-31 (9th Cir. 1996); . . . .
>
>In Johnson, we explained that the petitioner must alert the state court to the fact that the relevant claim is a federal one without regard to how similar the state and federal standards for reviewing the claim may be or how obvious the violation of federal law is.

Lyons v. Crawford, 232 F.3d 666, 668-669 (9th Cir. 2000) (italics added).

Here, Petitioner challenges a civil commitment to the Coalinga State Hospital, following a September 24, 2012 misdemeanor conviction for indecent exposure in the Fresno County Superior Court. (Doc. 1, p. 2). Although Petitioner has checked the box indicating that he has appealed this commitment, he provides no further information regarding any appeal.  Since Petitioner's conviction occurred less than one month before today's date, it is procedurally impossible that Petitioner could have already presented his claims to the California Supreme Court, as required by the exhaustion doctrine discussed above.  Given that circumstance, issuing an Order to Show Cause to Petitioner or ordering Petitioner to file an amended petition with only exhausted claims, or, indeed, issuing any order short of outright dismissal, would therefore be futile.  Clearly, none of Petitioner's claims are exhausted and therefore the petition must be dismissed.

From the foregoing, the Court concludes that Petitioner has not presented any of his claims to the California Supreme Court as required by the exhaustion doctrine.  Because Petitioner has not

presented his claims for federal relief to the California Supreme Court, the Court must dismiss the petition. See Calderon v. United States Dist. Court, 107 F.3d 756, 760 (9th Cir. 1997) (en banc); Greenawalt v. Stewart, 105 F.3d 1268, 1273 (9th Cir. 1997). The Court cannot consider a petition that is entirely unexhausted. Rose v. Lundy, 455 U.S. 509, 521-22 (1982); Calderon, 107 F.3d at 760.

**ORDER**

For the foregoing reasons, the Clerk of the Court is **DIRECTED** to assign a United States District Judge to this case.

**RECOMMENDATION**

Accordingly, the Court HEREBY RECOMMENDS that the motion to dismiss be **GRANTED** and the habeas corpus petition be **DISMISSED** for lack of exhaustion.

This Findings and Recommendation is submitted to the United States District Court Judge assigned to this case, pursuant to the provisions of 28 U.S.C. section 636 (b)(1)(B) and Rule 304 of the Local Rules of Practice for the United States District Court, Eastern District of California. Within twenty (20) days after being served with a copy, any party may file written objections with the court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendation." Replies to the objections shall be served and filed within ten (10) court days (plus three days if served by mail) after service of the objections. The Court will then review the Magistrate Judge's ruling pursuant to 28 U.S.C. § 636 (b)(1)(C). The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

IT IS SO ORDERED.

Dated:   **October 17, 2012**          **/s/ Jennifer L. Thurston**
                                       UNITED STATES MAGISTRATE JUDGE